**Donald D. duBoulay**          305 Broadway, Suite 602
  Attorney at Law                New York, NY 10007

Telephone: (212) 966-3970
Fax:           (212) 941-7108
E-mail:      dondubesq@aol.com

February 27, 2015

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza east
Brooklyn, New York 11201

      Re: United States v. Paul Rivera, et al.
         13 Cr. 149 (KAM)

Dear Judge Matsumoto:

      Defendant Paul Rivera, by his attorney Donald duBoulay, respectfully submits this letter in response to the Government's February 13, 2015 memorandum regarding evidence the Government proposes to offer at trial.

      As the discussion below will demonstrate, (1) evidence of uncharged criminal activity that does not bear a nexus to the crimes charged is not admissible under Rule 404(b) and should be excluded; (2) the specific examples of uncharged criminal activity against defendant Rivera are inadmissible (a) because they do not satisfy 404(b), and any conceivable probative value they might otherwise have is far outweighed by the prejudice, jury confusion, and delay they will engender if admitted at trial, and (b) because they do not constitute direct proof of the elements of RICO counts as the government contends; (3) elements of co-conspirator statements proposed to be offered at the trial do not meet the requisite conditions for admissibility and should be excluded.

      A. **Evidence of uncharged Criminal activity that bears no nexus to the crimes charged is inadmissible under 404(b) and should be excluded**

      In a federal conspiracy prosecution, uncharged acts *may* be admissible as direct evidence of the conspiracy itself, "if it arose out the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial'" *United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (quoting *United States v. Gonzalez*, 110 F.3d 936,942 92d Cir.1997)).

      The specific items of testimony enumerated in the Government's brief that are factually separate from the charges alleged in the Indictment, have not arisen out of the same transaction or series of transactions alleged in the indictment, nor are they

1

inextricably intertwined with the evidence regarding the charged offenses. Nor is it necessary to complete the story of the crime on trial and cannot reasonably be said to be direct evidence of the offense charged in this Indictment. The specific evidence sought to be admitted by the Government under this theory are separated temporally, and factually. Therefore these specific acts sought to be admitted by the Government are 'other crimes evidence' and may only be considered pursuant to Fed .R. Evid. 404 (b) analysis.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R.Evid. 404(b). The theory motivating the rule is that where evidence of uncharged crimes is admitted "the jury might base its decision, not on the defendant's guilt of the charged crime, but on the defendant's tendency to commit crime." *United States v. Levy*, 731 F.2d 997, 1004 (2d Cir. 1984). Thus, in evaluating the use of other-crime evidence, a court must carefully consider the potential for unfair prejudice. "In determining whether to allow admission of such evidence, district courts must exercise great care to ensure that juries are not permitted to conclude that because a defendant has committed a similar crime before, he or she, therefore, has a criminal propensity sufficient to justify conviction in the case at hand." *United States v.Colon*, 880 F.2d 650, 656 (2d Cir. 1989).

The trial court "has broad discretion" in deciding whether or not to admit"' other crimes' evidence under Rule 404(b)," *United States v. Rosa*, 11F.ed 315,333-334 (2d Cir. 1993), and '[t]he Government has the burden of demonstrating the admissibility of evidence under Rule 404(b)," *United States v. Nachamie*, 101 F.Supp.2d 134,134,137 (S.D.N.Y.2000).

The government does not benefit from a presumption that other-crime evidence is relevant. *United States v. Devaughn* 601 F.2d 42,45 (2d.Cir 1979). "[C]aution and judgment are called for, and a trial judge faced with an other crimes evidence problem should require the Government to explain why the evidence is relevant and necessary" *United States v. Moehel* 604 F.2d 748,751 (quoting *United States v. O'Connor* 580 F.2d 38, 43 (2d. Cir. 1978)).

The Second Circuit follows the "inclusionary" approach to Rule 404(b) evidence, The inclusionary approach, however does not give the Government carte blanche to introduce evidence designed to prove the defendant's bad character or criminal propensity simply by proposing a permissible but pretextual purpose for the evidence. See *United States v. DiCarlo*, 131 F.Supp. 2d 537, 538-39 (S.D.N.Y. 2001) (rejecting government's attempt to introduce inadmissible evidence "under the guise of 404(b)"). "The government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime. The government must identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002)

Accordingly, a district court assesses the admissibility of other uncharged acts through the following inquiries:

2

(i)Whether the evidence is offered for a proper purpose; (ii) whether the evidence is relevant under the standards set forth in Rules 401,402 and 104(b); (iii) whether, under Rule 403, the probative value of the proffered evidence is substantially outweighed by its potential for unfair prejudice; and (iv) whether, under Rule 105, the court must provide a limiting instruction to the jury to ensure that the other acts evidence is considered only for the proper purpose for which it was admitted.  *United States v. Lauersen*, 2000 U.S. Dist. LEXIS 16163 * at 8-9(S.D.N.Y. Nov. 7 2000); see also *United States v. Colon*, 880 F.2d 650,656 (2d Cir. 1989).

The inclusionary approach does not eviscerate Rule 404(b). It is still up to the court to exercise its discretion in deciding whether the Government has met its burden of demonstrating relevance, probative value and a proper purpose that is not merely pretextual. See, e.g., *United States v. Manafzadeh*, 592 F.2d 81, 86 (2d Cir.1979); see also *United States v. Pitre*, 960 F.2d 1112,1119 (2d Cir.1992)("district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity…if the evidence is relevant to an issue in the case, and…whether its probative value is substantially outweighed by the danger of unfair prejudice.") In making this inquiry, the court does not presume the relevance of other crimes evidence. See *Manafzadeh*, 592 F.2d at 87.

### B. The Government's specific examples of evidence of uncharged Criminal activity against defendant Rivera do not satisfy Rule 404(b) and should be excluded

The Government seeks to introduce evidence against defendant Rivera as to several uncharged criminal activities. Although it proposes facially permissible reasons for offering this evidence the Government's primary if unstated reason for proffering this evidence is to prove bad character or propensity for criminal activity. This is not a permissible purpose under Rule 404(b) and this evidence should be excluded.

1. Evidence of the Rivera's purported attempt to obstruct justice by interfering with a proceeding in 1997 is inadmissible.

According to the government Rivera tried to influence a bail revocation by influencing others to manufacture a false police report for a putative witness. Recognizing the weakness of its 404 (b) and 403 arguments, the government leads with and focuses on the argument that the proposed evidence is not in fact 404(b) at all but, rather 'direct proof of the crimes charged"  and impute that it is essential to the government's proving its case beyond a reasonable doubt. This argument is equally unavailing. The Government fails to demonstrate or even suggest how this uncharged criminal activity proves the crimes charged in the Indictment.

Ostensibly the Government offers this evidence to prove identity or intent to buttress its obstruction charge in the instant Indictment. But the government fails to show how the prior activity and conviction is meaningfully probative of Rivera's intent. "The

3

government does not offer evidence of similarity or connection between the two transactions." *United States v. Garcia,* 291 F.3d 127, 138 (2d Cir. 2002), that would make such prior evidence relevant. "If the government cannot identify a similarity or some connection between the prior and current acts, then evidence of the prior act is not relevant to show knowledge and intent." *Garcia*, Id at 137. See, *United States v. Curley* 639 F.3d 50 (2d Cir. 2011)

At the same time, the proposed evidence would unfairly prejudice the defendant Rivera, confuse the jury, and cause delay. The introduction of this prior act would foreclose the jury's open minded consideration of the obstruction charge in this case. It should be excluded. The mere fortuity of similar named charges in an unrelated matter is an insufficient basis to make the former acts relevant in a present proceeding.

2. Evidence of Rivera'a record of conviction and periods of incarceration is inadmissible.

The government seeks to introduce evidence of Rivera's prior criminal convictions and periods of incarceration, community confinement, and residential drug treatment placement, for the purpose making it easier for a witness to remember events by referring to Rivera's periods of confinement as a historical marker (Gov't memo at 19).

The introduction into evidence of Rivera's criminal history and periods of incarceration would be error and is particularly pernicious because the government offers no justifiable basis for doing so. "[Evidence of prior convictions merits particularly searching, conscientious scrutiny. Such evidence easily lends itself to generalized reasoning about a defendant's criminal propensity and thereby undermines the presumption of innocence" *United States v. McCallum,* 584 F.3d 471, 476 (2d Cir. 2009). "[P]rior convictions are far more likely to be received as potent evidence of propensity than other prior bad acts routinely offered under Rule 404(b) because they bear the imprimatur of the judicial system and indicia of official reliability. …District judges must carefully scrutinize both the basis for the claimed relevance of [prior crimes] evidence and the balance between the probative value and prejudicial effect." *McCallum*, at 476-477. The government should be precluded from introducing evidence of Rivera's criminal convictions and periods of incarceration, because the government has not provided a legitimate reason for this evidence and because the prejudice inherent in this type of evidence would undermine Rivera's right to a fair trial.

3. Evidence of Garrets and Rivera's assault on an individual should be precluded

The government seeks to introduce evidence of an assault in which Rivera is accused of assaulting an individual with a hammer. The government does not reveal a date when this alleged assault took place, nor does it state how it intends to prove this allegation whether by hearsay or through witness testimony. The meager description that the government provides is inadequate and does not satisfy even the general notice requirement of Rule 404 (b). See *United States v. Gardell*, 2001 U.S. Dist. LEXIS 161118, 20-21. This evidence is inadmissible. This evidence does nothing to further the

4

government's background evidence. It is cumulative as to the background of the enterprise and what it adds is so minor as to be far outweighed by its prejudicial effect and confusion and delay that will follow. Offering evidence of uncharged crimes as 'background evidence will likely assume disproportionate significance at trial, lead to a mini-trial…and engender confusion among the issues. In the same vein, such evidence likely will mislead the jury as to the crimes charged against the defendants." *Gardell*, at 21-22.

    4. <u>Evidence of Rivera's drug use is inadmissible</u>.

The government seeks to offer evidence of Rivera's drug use to explain the relationship between he and his co-defendant. The government should be denied. The government has troves of evidence in the form of live witnesses and videos in which their task of establishing the relationship between Rivera and his co-defendant can be established. Evidence of this nature is cumulative and serves no purpose except to stigmatize Rivera as s druggie prone to commit crimes. Pursuant to Rule 403, this evidence should not be permitted.

    5. <u>Evidence of co-conspirators statements that do not satisfy certain conditions are inadmissible</u>

The government seeks to introduce certain statements allegedly made by co-defendant Garrett to persons other than Rivera as evidence against Rivera. (CW # 1,Gov't memo p. 7).  In order for an out-of-court statement to be admissible under Rule 801 (d)(2)(E) of the Federal Rules of Evidence, the co-conspirator exception to hearsay, a district court must find two factors by a preponderance of the evidence: first, that a conspiracy existed that included the defendant and the declarant; and second that the statement was made during the course of and in furtherance of that conspiracy" *United States v. Gigante* , 166 F.3d 75, 82 (2d Cir. 1999).

 "[W]hen a RICO conspiracy is charged, the defendant must be linked to an individual predicate act by more than hearsay alone before a statement related to that act is admissible against the defendant under rule 801(d)(2)(E), there must be some independent corroborating evidence of the defendant's participation in the conspiracy" *United States v. Tellier*, 83 F.3d 578,580 (2d Cir.1996). Thus a statement by Rivera's co-defendant, that does not fall within the co-conspirator exception under Rule 801(d)(2)(E) is not admissible against Rivera even if it is admissible against the co-defendant as an admission under 801 (d)(2)(A). Any such statement is hearsay against Rivera. *Ryan v. Miller*, 303 F.3d 231,247 (2d Cir. 2002).

                              Respectfully submitted,
                                          /S/
                              Donald D. duBoulay

cc: All Counsel (via ECF)