UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA                **MEMORANDUM AND ORDER**

     - against -                    13-CR-149(KAM)

PAUL RIVERA,
MICHAEL GARRETT,
        Defendants.
-------------------------------------X
**MATSUMOTO, United States District Judge:**

     The government, in its omnibus motions *in limine*, seeks to preclude defendants Paul Rivera ("Mr. Rivera") and Michael Garrett ("Mr. Garrett" and collectively, "defendants") from introducing evidence relating to the alleged victims' sexual behavior before or after their alleged involvement in prostitution in connection with the offenses charged. (Gov't's First Mots. *in Limine* ("Gov't Mots."), ECF No. 165, filed 1/20/15; Gov't's Reply Mem in Further Supp. of Its First Mots. *in Limine* ("Gov't Reply"), ECF No. 193, filed 2/27/15.) Defendants opposed the government's motion and also filed separate motions pursuant to Federal Rule of Evidence 412(c) to admit evidence of the alleged victims' other sexual behavior, before, during, and after their involvement with the defendants during the period charged in the Indictment. (Michael Garrett's Mot. to Admit Certain Evidence of Witnesses' Sexual History ("Garrett Rule 412 Mot."), ECF No. 235, filed 4/6/15; Letter

1

dated April 6, 2015[1] ("Rivera Rule 412 Mot."), filed 4/8/15.)
The docket does not reflect that the defendants served notice of
their motions on the alleged victims, or, if applicable, their
guardian(s) as required by Federal Rule of Evidence 412(c)(1).
At a status conference on April 10, 2015, counsel for Mr.
Garrett requested that the court delay ruling until defendants
received additional materials pursuant to 18 U.S.C. § 3500 to
give the defendants an opportunity to renew and supplement their
motions to admit evidence under Rule 412(c).  (Tr. of
Proceedings held on April 10, 2015, ECF No. 254 at 41:15-18.)
Thereafter, the court ordered defendants to renew their Rule 412
motions by April 22, 2015 if they intended to do so, and no
further submissions were received.  (*See* Minute Entry for
proceedings held on 4/17/2015.)  For the following reasons, the
government's motion is granted and the defendants' motions are
denied except as provided herein.

I. **Background**[2]

The current third superseding indictment charges
defendants with racketeering (Count I), racketeering conspiracy
(Count II), interstate prostitution (Count III), conspiracy to
engage in sex trafficking and sex trafficking of children (Count

---

[1] Although the counsel for Mr. Rivera dated his letter March 6, 2015, the court assumes the letter is misdated due to a typographical error, because the court received the letter by fax on April 6, 2015.
[2] The court assumes familiarity with defendants' charged conduct as described in its prior Memoranda and Orders. (*See* Mem. and Order dated 2/13/15, ECF No. 179; Mem. and Order dated 2/5/15, ECF No. 177.)

IV), sex trafficking and sex trafficking of children (Count V), conspiracy to distribute and possess with intent to distribute heroin, cocaine base, cocaine and marijuana (Count VI), possession with intent to distribute heroin and cocaine (Count VII), conspiracy to commit murder in-aid-of racketeering (Count IX), murder in-aid-of racketeering (Count X), murder while engaged in a narcotics trafficking offense (Count XI), using, carrying and possessing a firearm (Count XIV), and causing death through use of a firearm (Count XV). (*Id.*) Mr. Garrett also is charged with money laundering (Count VIII), and Mr. Rivera is charged with witness tampering (Count XII) and attempted obstruction of justice (Count XIII). (Superseding Indictment (S-3) ("Indictment"), ECF No. 94, filed 4/28/14.)

The instant charges arise from the defendants' alleged involvement in a group known as "Together Forever" or "TF Mafia" that was founded by defendants and operated in the neighborhood of Brownsville in Brooklyn, New York and in Scranton, Pennsylvania. (Indictment at 2.) The issues raised in the present motions relate to the following charges against defendants: Counts I and II (racketeering and racketeering conspiracy) and racketeering predicate act one (interstate prostitution/sex trafficking/sex trafficking of children), Count III (interstate prostitution), Count IV (conspiracy to engage in sex trafficking and sex trafficking of children), and Count V

3

(sex trafficking/trafficking of children). (*Id*. at 5-6; 12-15.) Consequently, defendants face charges under 18 U.S.C. §§ 1591 (sex trafficking of children or by force, fraud, or coercion); and 2422 (coercion and enticement).

The government intends to prove the foregoing charges at trial through the testimony of two or more victim witnesses, who were prostituted by TF members, as well as other corroborating evidence. (Gov't Mots. at 9.) The government proffers that defendants had several women and girls working as prostitutes and that the young women, including two minors, were subject to force, threats of force and coercion to discipline and encourage them to earn money and were occasionally transported across state lines to engage in prostitution. (*See id*. at 9-11.) The government expects that the victim witnesses will testify about how they met the defendants and "how they were enticed and/or pressured into sexual relationships with one or more members of TF." (*Id*.) One or more victim witnesses is expected to testify that Mr. Rivera threatened her with bodily injury and physically abused her on a regular basis. (*Id*.) The victim witnesses are further expected to testify that they engaged in sex for money at the direction of defendants, because the defendants created an "atmosphere of fear and coercion" using physical violence and threats and that the defendants took most, and at times all, of the proceeds from their prostitution

4

activities. (*Id*. at 10-11.) The government also expects that one or more of the victim witnesses will testify that she began working in prostitution for the benefit of TF before she reached the age of 18. (*Id*. at 10.) One of the underage victims, who worked primarily for Mr. Garrett, is expected to testify that she witnessed violence against other females by Mr. Garrett and at his direction, and that she was threatened by Mr. Garrett if she did not work in prostitution to pay off the amount Mr. Garrett paid for her bail. (*Id*.)

## II. Legal Standard

### A. **18 U.S.C. §§ 1591 and 2422**

Title 18 U.S.C. § 1591 provides in relevant part:

> **(a)** Whoever knowingly—
>
> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> **(2)** benefits, financially or by receiving anything of value . . .
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . .

5

The term "coercion" is defined in § 1591(e)(2) as:

> **(A)** threats of serious harm to or physical restraint against any person;
>
> **(B)** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or
>
> **(C)** the abuse or threatened abuse of law or the legal process.

Title 18 U.S.C. § 2422(a) provides in relevant part that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so" shall be fined or imprisoned, or both.

B. **Federal Rule of Evidence 412**

Federal Rule of Evidence 412(a) ("Rule 412") forbids the admission of "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" in "a civil or criminal proceeding involving alleged sexual misconduct." Fed. R. Evid. 412(a). Rule 412(b)(1) delineates three exceptions permitting the court to admit the foregoing evidence in a criminal case:

> **(A)** evidence of specific instances of a victim's sexual behavior, if offered to prove that someone

6

>     other than the defendant was the source of semen, injury, or other physical evidence;
>
>     **(B)** evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor;
>
>     **(C)** evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412(b)(1). Rule 412 also specifies that victims include "alleged victims." Fed. R. Evid. 412(d). Pursuant to Rule 412(c), if a party intends to offer evidence under one of the Rule 412(b) exceptions the party must:

>     **(A)** file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
>
>     **(B)** do so at least 14 days before trial unless the court, for good cause, sets a different time;
>
>     **(C)** serve the motion on all parties; and
>
>     **(D)** notify the victim or, when appropriate, the victim's guardian or representative.

Before admitting the evidence, the court must conduct an *in camera* hearing and give the victims and parties a right to attend and be heard. Fed. R. Evid. 412(c)(2).

Courts have found that cases involving allegations of sex trafficking and interstate prostitution, "involve alleged sexual misconduct" and have applied Rule 412. *See, e.g.*, *United*

*States v. Alvarez*, --F. App'x--, No. 13-4259, 2015 WL 424326 (2d Cir. Feb. 3, 2015) (applying Rule 412 where defendant was charged with counts of interstate prostitution pursuant to 18 U.S.C. § 2422(a) and sex trafficking pursuant to 18 U.S.C. § 1591).

III. **Application**

  A. **The Government's Motion *in Limine***

The government seeks to preclude defendants from introducing evidence relating to a victims' sexual behaviors before or after their alleged involvement in prostitution in connection with Together Forever and referencing such evidence during *voir dire*, opening statements, cross-examination, and closing arguments. (Gov't Mots. at 31; Gov't Reply at 5.)[3]

In Mr. Garrett's opposition to the government's motions *in limine* dated February 13, 2015, he specifically responded to the government's Rule 412 preclusion motion regarding the sexual behavior of the alleged victims by stating that he could not effectively respond because the government had not yet disclosed the 3500 materials for the witnesses who are alleged victims of sexual misconduct by the defendants.

---

[3] The government's opening motion *in limine* also sought to preclude "questioning the victims about their involvement in unrelated sexual activity," but did not explain what constitutes "*unrelated* sexual activity." Gov't Mots. at 31 (emphasis added). In its reply, the government clarifies that "inquiry into the victims' other sexual partners, their sexual involvement with the fathers of their children, [and] the ages at which they lost their virginity . . . is not admissible under Rule 412 without notice to the government and the victims."

8

(Garetett Opp. to Gov't's Mots. *in Limine* ("Garrett Opp.") at 36-38, ECF No. 181, filed 2/13/15.)  Mr. Garrett further asserted that "evidence which directly negates evidence of the crimes charged such as: coercion, persuasion and inducements may be offered by the defense to counter elements of the crimes charged."  (*Id*. at 38.)  Mr. Garrett disputes that victim notice pursuant to Rule 412(c) is required "when excluding such evidence would violate the constitutional rights of the defendant."  (*Id*. at 38.)

Mr. Rivera's opposition to the government's motion *in limine*, argues that cross-examination of a particular witness's "entire relationship with Mr. Rivera" should be permitted on the grounds that such testimony would fall into exceptions under Rule 412(b)(1)(B) (permitting "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent . . .") and Rule 412(b)(1)(C) (permitting "evidence whose exclusion would violate the defendant's constitutional rights").  (Paul Rivera Mem. of Law in Opp. to Gov't's Mot. *in Limine* ("Rivera Opp.") at 1-2, ECF No. 183, filed 2/14/15.)  Mr. Rivera also seeks to admit evidence of "the carnival like sexual events surrounding [the alleged victim's] engagement with TF Mafia."  (*Id.*)  Mr. Rivera asserts that his constitutional right

9

to present a defense includes his right to present evidence of consent of the alleged victim. (*Id*.)

As an initial matter, the court notes that the parties agree that the sexual behavior of alleged victims *with the defendants* who are accused of sexual misconduct *during* the period when the alleged victims were involved in prostitution with TF may be admissible. Regardless of whether sexual conduct with the defendants constitutes "other sexual behavior" under Rule 412(a)(1), Rule 412(b)(1)(B) permits the admission of evidence of a victim's sexual behavior *with the defendant* if offered to prove consent. Additionally, the government does not appear to dispute that some evidence of the alleged victims' sexual conduct with individuals other than the defendants during the relevant period (i.e. sex for money that was allegedly directed by the defendants) is admissible.

The government seeks to exclude evidence of the victims' sexual behavior with others, *prior* and *subsequent* to the alleged victims' involvement with the defendants. With respect to the alleged victims' sexual behavior subsequent to the defendants' arrests, the court finds that such evidence is prohibited under Rule 412 and that preclusion of this evidence does not violate defendants' constitutional rights. *See Alvarez*, 2015 WL 424326, at *2 (finding no constitutional deprivation when district court excluded evidence of victims'

later prostitution); *United States v. Williams*, 564 F. App'x 568, 575-76 (11th Cir. 2014) *cert denied*, 135 S. Ct. 288 (2014) (same).  The defendants' constitutional right to present a defense does not entitle them to unfettered presentations of inadmissible and irrelevant evidence.  *See, e.g.*, *United States v. Roy*, 781 F.3d 416, 420 (8th Cir. 2015) (exclusion of victim's sexual history did not violate defendant's constitutional rights, because "[t]he victim's participation in prostitution either before or after the time period in the indictment has no relevance to whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex.")  The sexual behavior of the alleged victims after the defendants' arrest is not relevant to the jury's determination of whether the defendants committed the charged sexual misconduct.  Consequently, the parties are precluded from introducing evidence of the alleged victims' "other sexual behavior" including after their involvement with the defendants.

Similarly, the court finds on this record that the alleged victims' prior sexual history, including their history of prostitution prior to their involvement with the defendants and TF, is not only inadmissible as prescribed in Rule 412, but is also irrelevant to determining whether the defendants committed the charged sexual misconduct with knowledge of use of

force, fraud, or coercion, or the victims' consent. *See United States v. Roy*, --F.3d--, 2015 WL 1283827, at *3 (excluding evidence of victim's prior prostitution as irrelevant to defendant's charged conduct); *United States v. Valenzuela*, 495 F. App'x 817, 819-20 (9th Cir. 2012) (per curiam) ("Appellants cannot show the relevance of questions about prior prostitution to either Appellants' knowledge of the use of force, fraud, or coercion, or the victims' consent to work in prostitution."); *United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) ("They wanted to suggest that having already been a prostitute she would not have been deceived by [the defendant] and therefore her testimony that she was coerced into working for him—an element of one of the charged offenses when the prostitute is not a minor, 18 U.S.C. § 1591(a)—should be disbelieved. But the testimony sought to be elicited by the cross-examination would have been irrelevant. Even if no promises were made to [the victim], this would not be evidence that she consented to be beaten and to receive no share of the fees paid by the johns she serviced.")  The government has indicated that it "may offer some limited testimony regarding Jane Doe #2's engagement in prostitution-related activity at a very young age, in order to put her testimony into context and provide information regarding her personal history."  (Gov't Mots. at 24.)  The court is not convinced that this evidence of

an alleged victim's prior sexual history, whether offered by the defendants or the government, will have probative value that outweighs the substantial risk of unfair prejudice that it poses. Consequently, at this time the court finds that any evidence of an alleged victim's prior sexual history is inadmissible pursuant to Rules 412 and 403.

B. **Defendants' Motions Pursuant to Rule 412(c)**

Pursuant to Rule 412(c), defendants each filed motions "at least 14 days before trial" to offer evidence under Rule 412(b). Mr. Garrett intends to offer evidence on constitutional grounds pursuant to Rule 412(b)(1)(C) of the alleged victims' sexual behavior before their association with defendants, asserting that this evidence is "inextricably intertwined with [the victims'] association with the defendants and Mr. Garrett's state of mind." (Garrett Rule 412 Mot. at 3.) Mr. Garrett wishes to demonstrate "his awareness that [the alleged victims] had willingly exchanged sex for money or other benefits before or near the time he met them." (*Id*.) Mr. Garrett asserts that because the government has announced its intention to elicit evidence of a victim engaging in prostitution before meeting the defendants, thereby admitting that such evidence is relevant and not prejudicial, similar information is relevant to his defense. (*Id*. at 4.) Mr. Garrett also asks the court not to issue a "*per se* ban on the admission of any category of proof, including the

13

witness's sexual conduct before meeting the defendants' or after the defendants' arrests." (*Id*. at 5.)

Both Mr. Garrett and Mr. Rivera intend to offer evidence about the alleged victims' sexual conduct "during the course of their association with the TF family" (Garrett 412 Mot. at 1; Rivera 412 Mot. at 1). Mr. Rivera does not "necessarily seek to cross-examine these women regarding specific prostitution activities prior to meeting Mr. Rivera." (Rivera Rule 412 Mot. at 1.)

As an initial matter, defendants have not indicated that they have given the victims notice of their motions as required by Rule 412(c)(1)(D), so their requests appear to be procedurally improper. Secondly, the court finds that defendants have failed to "specifically describe[ ] the evidence and state[ ] the purpose for which it is to be offered," as prescribed by 412(c)(1)(A). Mr. Garrett claims that a specific showing "is not possible" because he does not know what evidence the government will elicit, but he has offered and requested additional time to provide specific descriptions of the offered evidence and state the purpose for which it is offered. Despite being granted an additional opportunity to move under Rule 412(c)(1)(A) and provide notice to the victims under Rule 412(c)(1)(D), Mr. Garrett and Mr. Rivera have not done so. Nonetheless, the court considers the defendants' motions below.

The court finds that the bases for Mr. Garrett's request to introduce evidence of alleged victims' prior prostitution under Rule 412(c) for the purpose of establishing Mr. Garrett's "state of mind" are unavailing. (Garrett Rule 412 Mot. at 3.) Mr. Garrett erroneously asserts that his awareness that an alleged victim previously exchanged sex for money or other benefits is relevant to his state of mind. Awareness of a victim's prior sexual conduct is irrelevant under 18 U.S.C. §§ 1591 and 2422, the offenses charged in the indictment. Under 18 U.S.C. § 1591, the relevant issue is the defendant's knowledge that force, threats of force, fraud, or coercion will be used against the victim when committing the offense conduct. Title 18 U.S.C. § 2422 requires that the defendant knowingly persuade, induce, entice, or coerce any individual to travel in interstate commerce for the purposes of prostitution or other sexual offenses. Mr. Garrett's proffer of evidence that he did not know that force, threats of force, fraud, or coercion would be used to cause an alleged victim to engage in a commercial sex act because she had a history of prostitution is irrelevant, prohibited by Rule 412, and is not compelled by the Constitution. *See* cases cited *supra* pp. 11-12. Consequently, because Mr. Garrett has failed to demonstrate how an alleged victim's prior prostitution is relevant to proving or defending against the offenses with which he is charged, the court

precludes evidence of the alleged victims' prior prostitution for this purpose.

The court grants the defendants' request to admit evidence that the alleged victims engaged in sexual activity with defendants during the period when they were involved with TF. Defendants are also permitted to introduce evidence of the alleged victims' sexual conduct (i.e., acts of prostitution) with others during this period, to the extent it is relevant to their defenses. *See, e.g.*, *Williams*, 564 F. App'x at 575-76 (finding that district court did not abuse its discretion by limiting defendant's cross-examination to acts of prostitution that occurred during the time defendant was in contact with the victims).[4] To the extent either party seeks to offer evidence of sexual conduct between the alleged victims and individuals other than the defendants during the period charged in the indictment that is not relevant to proving or defending against the charges, the court reserves decision until the procedures of Rule 412(c) are satisfied. The court will consider the specific evidence and purpose for which it is offered pursuant to Rule

---

[4] The court notes, however, that consent is not a defense to the sex trafficking of minors under 18 U.S.C. § 1591, and is also not a defense to violations of 18 U.S.C. § 2422. *See United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009) (excluding evidence of victim's consent under Rule 412, because victim was a minor, in case involving charges 18 U.S.C. § 1591); *United States v. Holland*, 381 F.3d 80, 84-85 (2d Cir. 2004) (18 U.S.C. § 2422 "does not punish women who do no more than consent to being transported across state lines for the purpose of prostitution"). Consequently, evidence relating to a minor's sexual activity with TF and defendants during the relevant period is excluded as irrelevant and inadmissible under Rule 412.

412 and also determine whether the evidence is relevant and not unduly prejudicial pursuant to Federal Rules of Evidence 401 and 403, upon the parties' compliance with Rule 412(c).

SO ORDERED.

Dated: April 24, 2015
Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York