UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA                    **ORDER**

        - against -                         13-CR-149(KAM)

PAUL RIVERA,
MICHAEL GARRETT,
              Defendants.
-------------------------------------X

**MATSUMOTO, United States District Judge:**

The court grants, with leave for reconsideration upon an adequate showing by the defendants, the government's April 23, 2015 motion *in limine* "to preclude the defendants from questioning witnesses at trial about or making any argument that medical malpractice contributed to the death of Robert Barber, the murder victim in this case." (ECF No. 287.) Defendants are charged with murder in Counts I (racketeering – racketeering act VI), II (racketeering conspiracy – racketeering act VI), IX (conspiracy to commit murder in-aid-of racketeering), and X (murder in-aid-of racketeering) of the Third Superseding Indictment in violation of New York Penal Law (N.Y. Penal Law §§ 125.25(1), 20.00, and 105.15). (*See* Superseding Indictment (S-3), ECF No. 94, filed 4/28/14).

## Legal Standard

Under New York law, as incorporated into the foregoing federal charges, causation of death by a defendant is "always an

1

essential element" of any homicide charge that the government "must prove beyond a reasonable doubt." *People v. Stewart*, 40 N.Y.2d 692, 697, 358 N.E.2d 487, 491 (N.Y. 1976). Under New York law, the government must prove beyond a reasonable doubt that the "defendant's conduct was a sufficiently direct cause of the ensuing death[ ]" before there can be any imposition of criminal liability. *People v. Ballenger*, 106 A.D.3d 1375, 1377, 968 N.Y.S.2d 610, 612 (N.Y. App. Div. 2013) (quoting *People v. Kibbe*, 35 N.Y.2d 407, 362 N.Y.S.2d 949, 321 N.E.2d 773 (N.Y. 1974)). It is well-settled that if a "felonious assault is operative as a cause of death, the causal co-operation of erroneous surgical or medical treatment does not relieve the assailant from liability for the homicide." *People v. Snow*, 912 N.Y.S.2d 334, 336 (N.Y. App. Div. 2010) (quoting *People v. Kane*, 213 N.Y. 260, 270, 107 N.E. 655 (N.Y. 1915)). "It is only where the death is *solely attributable* to the secondary agency, and not at all induced by the primary one, that its intervention constitutes a defense." *Kane*, 213 N.Y. at 270, 107 N.E. 655 (emphasis added). In short, as more recently stated, "improper medical care will relieve a defendant of criminal responsibility for death only when the death can be attributed solely to the negligent medical treatment." *Jeremiah v. Artuz*, 181 F. Supp. 2d 194, 204 (E.D.N.Y. 2002) (internal quotations omitted);

*Murden v. Artuz*, 253 F. Supp. 2d 376, 386 (E.D.N.Y. 2001) *aff'd*, 60 F. App'x 344 (2d Cir. 2003) (same).

### Application

Based on the present record, defendants have not proffered any facts that medical malpractice was committed and is the sole cause of Mr. Barber's death. The court therefore grants the government's motion to preclude defendants from arguing that medical malpractice contributed to Mr. Barber's death, in the absence of any evidentiary basis to do so. Medical malpractice is a civil tort cause of action against a medical professional who, by act or omission, has deviated from the governing standard of medical care in the community and thereby proximately causes an injury to the patient. *See, e.g., Sukhraj v. New York City Health and Hosps.*, 106 A.D.3d 809, 810, 965 N.Y.S.2d 532, 533 (N.Y. App. Div. 2013) ("In a medical malpractice action, the requisite elements of proof are a deviation or departure from accepted community standards of medical care and evidence that such departure was a proximate cause of injury or damage."). Consequently, Mr. Rivera's apparent intention to cross-examine the medical professionals who provided medical care to Mr. Barber after he was allegedly shot by Mr. Rivera about whether they breached the requisite standard of care is irrelevant to proving or defending against the causation element of the murder charges, unless defendants

can proffer facts supporting his "non-frivolous basis to believe that [Mr. Barber's] death" was solely attributable to medical malpractice. (Letter from Paul Rivera at 3, ECF No. 247, filed 4/9/15.) *See People v. Griffin*, 80 N.Y.2d 723, 726, 610 N.E.2d 367 (1993) (upholding preclusion and limitation of testimony by defendant's expert medical witnesses that medical malpractice was the cause of victim's death). For the same reasons, the defendants cannot argue that medical malpractice was the sole cause of Mr. Barber's death without a proffer that there is an evidentiary basis to do so.

Mr. Rivera broadly characterizes the government's motion as "seeking to prevent Mr. Rivera from cross-examining [the government's] medical expert witnesses and introducing evidence *through these witnesses* to contest the causation element of the charged homicide counts." (Letter from Paul Rivera at 1, ECF No. 310, filed 4/27/15.) (emphasis added). The government's motion is far more narrowly directed at arguments and cross examination regarding medical malpractice, and not the defendants' right to cross-examine medical witnesses regarding causation, an element of the murder charges.

Where the government seeks to prove the causation element of the murder charges through a witness's testimony on direct examination, defendants are permitted to cross-examine that witness on causation and impeach the witness's reliability

credibility. *See, e.g.*, *Cotto v. Herbert*, 331 F.3d 217, 249 (2d Cir. 2003) ("In addition to demonstrating bias, the defendant is entitled to use cross-examination to impeach the witness's recollection ability to observe, and general credibility."); *United States v. Maldonado-Rivera*, 922 F.3d 934, 955 (2d Cir. 1990), *cert. denied*, 501 U.S. 1233 (1991) ("The court should avoid any blanket prohibition on exploration of an area that is central to an assessment of the witness's reliability.") Accordingly, defendants are permitted to cross-examine the government's medical witnesses about the cause of Mr. Barber's death, without intruding into the irrelevant realm of medical malpractice.

The court's decision to exclude evidence that medical malpractice contributed to the death of Mr. Barber without a proffer of the specific medical malpractice evidence that defendants seek to introduce does not limit the defendants' right to cross-examine the government's witnesses. The government's medical witnesses may be cross-examined about the cause of Mr. Barber's death, including, but not limited to, the reliability of the witnesses' testimony, the witnesses' credibility, and the witnesses' biases and motives. To the extent that defendants' cross-examination of the government's witnesses about the cause of Mr. Barber's death strays into allegations of medical malpractice, the court will likely

sustain objections by the government and limit such questioning under Federal Rules of Evidence 401 and 403.

**SO ORDERED.**

Dated:    April 30, 2015
             Brooklyn, New York

                                                   /s/

                                        **KIYO A. MATSUMOTO**
                                        United States District Judge
                                        Eastern District of New York