UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA                    **ORDER**

        - against -                        13-CR-149(KAM)

PAUL RIVERA,
MICHAEL GARRETT,
            Defendants.
------------------------------------X

**MATSUMOTO, United States District Judge:**

        On April 27, 2015, the government filed an *ex parte*

letter under seal disclosing the Presentence Investigation

Reports ("PSRs") for cooperating witnesses Vincent Fearon ("Mr.

Fearon") and Jonathan Fontanes ("Mr. Fontanes").  (ECF No. 308.)

The defendants have not requested disclosure of the PSRs of Mr.

Fearon and Mr. Fontanes.  Pursuant to the procedure set forth by

the Second Circuit in *United States v. Charmer Industries*, *Inc.*,

711 F.2d 1164 (2d Cir. 1983), the court has conducted an *in

camera* review of the PSRs for impeachment and exculpatory

material.

        The Second Circuit has explained the procedure for

disclosure of witness PSRs as follows:

> *Charmer* requires that when a co-defendant requests
> the presentence report of an accomplice witness, the
> district court should examine the report *in camera*
> to determine if there are any statements made by the
> witness that contain exculpatory or impeachment
> material.  If there is any such material, the judge
> should not release it unless there is 'a compelling
> need for disclosure to meet the ends of justice.'
> Indeed, in *Charmer*, we reversed a district court's

1

> decision approving release of the presentence report
> because the information in it was available
> elsewhere.

*United States v. Moore*, 949 F.2d 68, 72 (2d Cir. 1991) (quoting

*Charmer*, 711 F.2d at 1174). The Second Circuit has also held

that PSRs do not constitute "'material required to be produced

by the government' under 18 U.S.C. § 3500." *Moore*, 949 F.2d at

70-71 (quoting *United States v. Canniff*, 521 F.2d 565 (2d Cir.

1975) *cert. denied*, 423 U.S. 1059 (1976)).

Based on the court's *in camera* review of Mr. Fearon's

and Mr. Fontanes' PSRs and the government's letter dated April

24, 2015 disclosing *Giglio* material (ECF No. 302), the court

does not find that the PSRs contain any impeachment or

exculpatory material pursuant to *Brady* or *Giglio* that the

government has not already disclosed to the defendants in

discovery or pursuant to 18 U.S.C. § 3500. Consequently, the

court does not find "a compelling need for disclosure" of the

PSRs and declines to do so.

**SO ORDERED.**

Dated:      May 8, 2015
            Brooklyn, New York


_____/s/_____

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York