UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA                  **ORDER**

         - against -                      13-CR-149(KAM)

PAUL RIVERA,
MICHAEL GARRETT,
         Defendants.
-------------------------------------X

**MATSUMOTO, United States District Judge:**

Defendants Michael Garrett ("Mr. Garrett") and Paul Rivera ("Mr. Rivera" and collectively, "defendants") are charged with various racketeering and conspiracy offenses between January 2007 and April 2013, as well as sex trafficking, drug possession with intent to distribute, murder, using and possessing firearms, money laundering, witness tampering, and attempted obstruction of justice in a third superseding indictment filed on April 28, 2014. (*See generally* ECF No. 94, Superseding Indictment ("Indictment").) On May 6, 2015, Mr. Rivera filed an Omnibus Motion to "rescind and vacate the indictment." (Rivera Omnibus Mot. at 4, ECF No. 331, filed 5/6/15.[1]) The government filed a response by letter dated May

---

[1] The court notes that Mr. Rivera's motion appears to be virtually identical to his Motion to Vacate Indictment filed on December 22, 2014. (*See* ECF No. 154, filed 12/22/2014.) Pursuant to the court's order, dated January 5, 2015, requesting Mr. Rivera's counsel at the time, Donald DuBoulay, Esq. to notify the court as to whether Mr. Rivera's *pro se* submission should be withdrawn, Mr. DuBoulay submitted a letter dated January 7, 2015 (ECF No. 158) requesting withdrawal of Mr. Rivera's motion. Accordingly, the court granted Mr. Rivera's withdrawal of the motion by order dated January 8, 2015.

1

11, 2015. (Gov't Letter dated 5/11/15, ECF No. 346, filed 5/11/15.) For the following reasons, the court denies Mr. Rivera's motion in its entirety.

## Background[2]

Mr. Rivera asserts the following grounds in support of his omnibus motion: (1) the government's prosecution is "egregious, malicious, and vindictive"; (2) the government "systematically and knowingly violated" Mr. Rivera's Fourth Amendment rights, because a "minor traffic infraction does not warrant an arrest, search and seizure"; (3) Pennsylvania State Troopers ("PSP") lacked probable cause to search Mr. Rivera's vehicle and racially profiled Mr. Rivera in connection with his January 18, 2012 vehicle stop; (4) "unlawful use or obstruction of confidential informant and witnesses" at the September 8, 2014 suppression hearing violated Mr. Rivera's rights pursuant to the Confrontation Clause; (5) PSP Trooper Thomas Horan erroneously testified at the September 8, 2014 suppression hearing and inaccurately stated in his probable cause affidavit that the substance recovered from Mr. Rivera's car was crack cocaine; (6) defense counsel failed to subpoena certain witnesses to appear at Mr. Rivera's suppression hearing; (7) the government illegally seized Mr. Rivera's external hard drive

---

[2] The court assumes familiarity with defendants' charged conduct as described in its prior Memoranda and Orders. (*See, e.g.*, Mem. and Order dated 2/13/15, ECF No. 179; Mem. and Order dated 2/5/15, ECF No. 177.)

from Brigitte Landou; (8) the government has violated ethics of professional conduct for its "prosecutorial misconduct"; (9) the government has withheld exculpatory material pursuant to *Brady*; (10) the affidavit in support of Mr. Rivera's arrest contained false statements; (11) the government and law enforcement officers have made false statements during the course of this case; (12) the government has brought frivolous charges against Mr. Rivera; (13) jurisdiction and venue are not proper over Mr. Rivera; (14) defense counsel was ineffective "prior and during" Mr. Rivera's suppression hearing; (15) Mr. Rivera's indictment of multiple counts by prosecutors in different federal district courts subjects him to double jeopardy as prohibited by the Fifth Amendment. (Rivera Omnibus Mot. at 7, 30-33.)

## Application

### I. Mr. Rivera's January 18, 2012 Vehicle Stop

As an initial matter, Mr. Rivera's assertions relating to the suppression of evidence recovered from his January 18, 2012 car stop by Pennsylvania State Troopers ("PSP") (listed as grounds (2)-(5) above) are denied as moot. The court previously denied suppression of the evidence recovered from Mr. Rivera's January 18, 2012 vehicle stop and subsequent arrest, and ruled on the legality of the search and seizure in its Memorandum and Order dated February 5, 2015. (ECF No. 177.) Mr. Rivera has failed to point to "controlling decisions or data that the court

3

overlooked" to merit reconsideration of the court's February 5, 2015 decision. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).[3]

Nonetheless, the court reconsiders its February 5, 2015 Memorandum and Order in light of the Supreme Court's recent decision in *Rodriguez v. United States*, --U.S.--, 135 S. Ct. 1609 (2015), concerning the permissible length and scope of traffic stops. The Supreme Court held that "absent the reasonable suspicion ordinarily demanded to justify detaining an individual," an officer may not conduct "unrelated checks", such as a dog sniff, during an otherwise lawful traffic stop in a way that prolongs the stop beyond the time reasonably required to complete the goal of the traffic stop. *Id*. at 1615. The court finds, as it did previously in its February 5, 2015 Memorandum and Order, that PSP Troopers Horan and Lindsay had additional reasonable suspicion, which the Supreme Court defines as a "particularized and objective basis for suspecting" criminal conduct under a totality of the circumstances, *United States v. Cortez,* 449 U.S. 411, 417–18 (1981), to continue their investigation and detention of Mr. Rivera and the occupants of

---

[3] The court notes that Mr. Rivera also made substantially similar arguments seeking reconsideration of the court's February 8, 2015 Memorandum and Order in his Motion for Reconsideration filed on May 3, 2015, which the court denied in a ruling from the bench on May 5, 2015. (Rivera Mot. for Reconsideration, ECF No. 323, filed 5/3/15)

4

the vehicle he was driving, including by requesting a K-9 unit. (*See* Mem. and Order dated 2/13/15 at 71-78, ECF No. 179.)

As the court previously discussed in its February 5, 2015 Memorandum and Order, after PSP Trooper Horan lawfully stopped the vehicle Mr. Rivera was driving on January 18, 2012 for a left-lane violation, Trooper Horan approached the vehicle and noticed the odor of perfume and marijuana and that Mr. Rivera appeared nervous as indicated by his avoidance of eye contact and his throbbing carotid artery. Based on these specific and articulable facts, Trooper Horan had reasonable suspicion to continue his investigation beyond the time reasonably necessary to complete the tasks relating to the traffic stop. At the time that Trooper Horan requested a K-9 unit, the indicia of criminal activity included the persistent smell of marijuana from the vehicle; Mr. Rivera appeared to be nervous because he was sweating on a cold winter day, avoiding eye contact and was repeatedly sticking out his tongue; Mr. Portalatin, a vehicle occupant, was visibly shaking; and Mr. Rivera and Mr. Portalatin did not provide truthful answers when questioned about their criminal histories, and provided inconsistent answers about their travel plans and the ownership of the vehicle. The court finds that, under the totality of the circumstances, Troopers Horan and Lindsay had particularized and objective bases for reasonably suspecting that criminal conduct

was afoot and continuing their investigation.  Consequently, the
Supreme Court's decision in *Rodriguez*, when considered in light
of the circumstances of Mr. Rivera's January 18, 2012 vehicle
stop, provides no basis for the court to disturb its February 5,
2015 decision declining to suppress evidence recovered pursuant
to a search warrant following Mr. Rivera's January 18, 2012
vehicle stop.

Mr. Rivera's ineffective assistance of counsel
assertions (listed as grounds (6) and (14) above) in connection
with his suppression hearing are denied without prejudice to his
ability to raise them in a future petition under 28 U.S.C. §
2255.[4]  *See Massaro v. United States*, 538 U.S. 500, 505 (2003)
("In light of the way our system has developed, in most cases a
motion brought under § 2255 is preferable . . . for deciding
claims of ineffective assistance.")

**II.  Discovery-Related Assertions**

Mr. Rivera contends that his hard drive (Serial No.
WCAPW2490179) was illegally obtained from Brigitte Landou on
September 11, 2012 "under pretext of subpoena to testify before
a grand jury," because the hard drive "did not belong to
Brigitte Landou."  (Rivera Omnibus Mot. at 31, listed as ground
(7) above.)  Based on Mr. Rivera's representation and the

---

[4] The court has also addressed Mr. Rivera's dissatisfaction with his counsel
by substituting counsel on seven occasions and by permitting Mr. Rivera to
proceed *pro se* on April 27, 2015.

6

government's initial discovery disclosure dated May 17, 2013, pursuant to Federal Rule of Criminal Procedure 16 (Gov't Letter dated 5/17/13, ECF No. 29), the court understands that Mr. Rivera's hard drive was obtained from Ms. Landou's possession before this case was transferred to the Eastern District of New York on February 5, 2013. (*See* Compl. and Aff. in Supp. of Arrest Warrant as to Paul Rivera*,* ECF No. 1, filed 2/5/13.) Based on the record before the court and the court's search of the Public Access to Court Electronic Records (PACER) service for court dockets relating to Mr. Rivera in the United States District Court for the Middle District of Pennsylvania[5], the court has no indication that the government obtained Mr. Rivera's hard drive illegally.[6]

Mr. Rivera's general and conclusory assertion that the government has withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (listed as ground (9) above) is denied. In the absence of a particularized showing by Mr. Rivera that the government is withholding *Brady* materials, the

---

[5] For example, the court's PACER search yielded an application to obtain a search warrant for a "Black Verizon Blackberry cellular telephone" that was filed in connection with this case on August 9, 2012 in the U.S. District Court for the Middle District of Pennsylvania. (*See* Civil Docket 3:12-mc-00290-MEM Entry No. 1, M.D. Pa., filed 8/9/12.)

[6] The court is not aware of any motions to quash a subpoena to obtain Mr. Rivera's hard drive pursuant to Federal Rule of Criminal Procedure 17 ("Rule 17"). If Ms. Landou was in possession of the hard drive in question or the hard drive was under her control, whether she was the owner of the hard drive is likely to be irrelevant to her obligations to comply with a subpoena pursuant to Rule 17 "to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1).

7

court accepts the government's good faith assertions that the government is aware of its discovery obligations and has provided, and will continue to provide, material in its possession to which the defendant is entitled. (*See, e.g.*, Gov't Mem. of Law in Resp. to Michael Garrett's Pre-trial Mots. at 9, ECF No. 180, filed 2/13/15.) *See, e.g.*, *United States v. Numisgroup Intern. Corp.*, 128 F. Supp. 2d 136, 150 (E.D.N.Y. 2001) ("In the absence of a particularized showing by the defense that certain materials covered by *Brady* are being withheld, the Court accepts the Government's good faith assertions as sufficient.")

**III. Grounds to Dismiss the Indictment**

The court construes Mr. Rivera's remaining assertions (listed as grounds (1), (8), (10), (11), (12), (13) and (15) above) as arguments to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b) ("Rule 12(b)").[7] The government argues that Mr. Rivera's motion to dismiss the Indictment is waived because Rule 12(b)(3) requires such motions be made before the commencement of trial. In light of the fact that Mr. Rivera initially filed the present motion on December

---

[7] To the extent Mr. Rivera's claims may constitute civil rights claims for damages under 42 U.S.C. § 1983, they are dismissed as premature, because when claims pursuant to § 1983 "imply the invalidity of [plaintiff's] conviction or sentence" the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination , or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

8

22, 2014 and the motion was subsequently withdrawn by his former counsel (*see supra* n.1), and the court granted Mr. Rivera's application to proceed *pro se* on April 27, 2015, the court will consider the merits of Mr. Rivera's present motion and does not find that Mr. Rivera has waived the grounds set forth in his motion to dismiss the Indictment.

"The extreme sanction of dismissal of an indictment is justified in order to achieve one or both of two objectives: first, to eliminate prejudice to a defendant in a criminal prosecution; second, to help to translate the assurances of the United States Attorneys into consistent performances by their assistants." *United States v. Fields*, 592 F.2d 638, 747-48 (2d Cir. 1978), *cert. denied*, 442 U.S. 917 (1979). Even when a prosecutorial arm of the government unlawfully obtains evidence, the permissible sanction is typically limited to "suppression of the illegally obtained evidence." *Id*.

Here, Mr. Rivera's generalized and conclusory allegations of malice, unethical conduct, false statements, and prosecutorial misconduct are insufficient to merit the "extreme sanction" of dismissal of the Indictment. *See, e.g.*, *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) (affirming district court's decision to deny defendant's application to disclose grand jury minutes and dismiss the indictment at the start of trial "without specific factual allegations of

government misconduct"); *United States v. Basciano*, 763 F. Supp. 2d 303, 316 (E.D.N.Y. 2011) ("[Defendant's] allegations of 'government misconduct' before the grand jury are insufficient to require dismissal of the S-9 Indictment or disclosure of the grand jury minutes because they are based entirely on speculation rather than fact.").

Mr. Rivera's argument that the Indictment should be dismissed because he "was indicted with multiple counts by the prosecutors in different Federal District Courts" is legally unsupported. (Rivera Omnibus Mot. at 7, listed as ground (15) above.) The Double Jeopardy Clause of the Fifth Amendment affords a defendant three separate protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Where, as here, Mr. Rivera's criminal complaint in the Middle District of Pennsylvania was dismissed prior to his indictment in the Eastern District of New York and he has yet to be convicted or sentenced, the Double Jeopardy Clause of the Fifth Amendment does not implicate the validity of the Indictment.

Mr. Rivera's contention that venue is not proper (listed as ground (13) above) is also misplaced. "Venue turns

on whether any part of the crime was committed within the district." *United States v. Panebianco*, 543 F.2d 447, 455 (2d Cir. 1976). To determine where the crime was "committed," a court should consider "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). Based on the record before the court, the government has provided substantial evidence and testimony that defendants' criminal activity occurred and was centered in Brooklyn and Queens, New York, within the Eastern District of New York. Consequently, the court declines to dismiss the Indictment for improper venue.

**SO ORDERED.**

Dated:     May 14, 2015
           Brooklyn, New York

                                              _____/s/_____

                                              **KIYO A. MATSUMOTO**
                                              United States District Judge
                                              Eastern District of New York