UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             **ORDER**

    - against -                       13-CR-149(KAM)

PAUL RIVERA,
MICHAEL GARRETT,
        Defendants.
-------------------------------------X

**MATSUMOTO, United States District Judge:**

        In a letter dated April 24, 2015, Mr. Garrett objected to the admission of Government Exhibit 162 ("GX 162"), a photograph of the cover of a book titled *Burned Alive* by Kieran Crowley. (Garrett Letter Objs. to Gov't Proposed Exh. List at 3, ECF No. 297, filed 4/24/15.) Mr. Garrett describes the book as "a salacious novel about a murder investigation." (*Id.*) Mr. Garrett asserts that the defendants in this case were arrested in connection with the investigation described in *Burned Alive* but the defendants were later exonerated. (*Id.*) Mr. Garrett objects to the introduction of GX 162 on the grounds that the "relevance or probative value of a photo of the book is outweighed by its prejudice" and introduction of GX 162 is a "backdoor introduction of support of an uncharged bad act." (*Id.*)

        The government responded to Mr. Garrett's objection to GX 162 in a letter dated April 29, 2015. (Gov't Letter, ECF No.

1

315, filed 4/29/15.) The government anticipates that witness Ms. Kathryn Rivera will testify that Mr. Rivera told her that if Ms. Kathryn Rivera "tried to leave [Mr. Rivera], he would do to her what was done to the woman in the book," which she interpreted to be a threat, because the woman in *Burned Alive* was murdered. (*Id.*) According to the government, Ms. Kathryn Rivera is also expected to testify that Mr. Rivera's threat was particularly frightening because Mr. Rivera gave her information that suggested to her that he might have been involved in the woman's murder described in *Burned Alive* and was thus capable of murdering Ms. Kathryn Rivera. (*Id.*) The government also anticipates that witness Ms. Shelby Rivera will testify that Mr. Rivera showed her the book and that, consequently, Ms. Shelby Rivera came to believe that Mr. Rivera was capable of murdering her sister, Ms. Kathryn Rivera. (*Id.*) The government contends that GX 162 is direct evidence of and corroborative of Ms. Kathryn Rivera and Ms. Shelby Rivera's anticipated testimony regarding the climate of fear that Mr. Rivera perpetuated with regard to the sex trafficking charges in the indictment. (*Id.*)

During the third week of the jury trial on May 19, 2015, Mr. Rivera, proceeding *pro se*,[1] attempted to cross-examine

---

[1] During the cross-examination of Mr. Fontanes, after the court ruled on the admissibility of GX 162, Mr. Rivera requested that the court re-appoint Mr. DuBoulay as his counsel. (Tr. 3372.) The court granted Mr. Rivera's request and Mr. DuBoulay was re-appointed after the sidebar during which the admissibility of GX 162 was discussed. (Tr. 3373-74.)

2

witness Jonathan Fontanes about the book *Burned Alive* in support of his theory that he is being "framed for a murder" in this case, because defendants were previously accused, and later exonerated, of the murder that is the subject of *Burned Alive*. (Tr. 3343-44.)

At a sidebar, Ms. Kelley Sharkey, counsel for Mr. Garrett, objected to the admission of GX 162 and any mention of the book *Burned Alive* and also renewed Mr. Garrett's request for a severance. (*See* Tr. 3343-47.) Counsel for Mr. Garrett asserts that prejudice will inure to Mr. Garrett and that his trial should be severed, because a chapter of *Burned Alive* is titled "Who Framed Roger Rabbit?"[2] and because Mr. Rivera had a copy of the book cover on his hard drive. (Tr. 3349, 3352.)

The court ruled that GX 162 was admissible as direct probative evidence of the threats by Mr. Rivera to Ms. Kathryn Rivera and Ms. Shelby Rivera and the circumstances under which they engaged in prostitution for TF, and that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice. (Tr. 3350.) The court determined that because the contents of the book were not being offered, the cover of the book was admissible to corroborate the testimony of witnesses regarding their awareness of the existence of the book and the effect of Mr. Rivera's purported

---

[2] The court notes that numerous witnesses have testified at trial that Mr. Garrett has the nickname "Roger Rabbit."

references to the book to instill fear in the Rivera sisters.
(Tr. 3349-50.)

The court also ruled that Mr. Garrett's application to sever his trial based on the court's decision to admit the book cover should be denied because, *inter alia*, Ms. Kathryn Rivera and Ms. Shelby Rivera are not anticipated to make any mention of Mr. Garrett in connection with the threats allegedly made by Mr. Rivera that reference the book. (Tr. 3349.)

The court issues this Order to further expound upon the bases for its rulings to admit GX 162, permit the government to elicit testimony referencing *Burned Alive*, and to again deny Mr. Garrett's motion to sever.

Defendants face charges under 18 U.S.C. §§ 1591 (sex trafficking of children or by force, fraud, or coercion) and 2422 (coercion and enticement to travel interstate to engage in prostitution). Title 18 U.S.C. § 1591 provides in relevant part:

> **(a)** Whoever knowingly—
>
> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>
> **(2)** benefits, financially or by receiving anything of value . . .

> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . . .

The term "coercion" is defined in § 1591(e)(2) as:

> **(A)** threats of serious harm to or physical restraint against any person;
>
> **(B)** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or
>
> **(C)** the abuse or threatened abuse of law or the legal process.

Title 18 U.S.C. § 2422(a) provides in relevant part that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so" shall be fined or imprisoned, or both.

Ms. Kathryn Rivera and Ms. Shelby Rivera are alleged victims of sex trafficking and coercion and enticement to engage in interstate prostitution by the defendants pursuant to 18 U.S.C. §§ 1591 and 2422. Ms. Kathryn Rivera's anticipated testimony that Mr. Rivera showed her a copy of the book *Burned Alive* and threatened her with harm, as befell the woman

5

described in the book, is direct evidence of how Mr. Rivera coerced Ms. Kathryn Rivera to engage in commercial sex. *See* 18 U.S.C. §§ 1591(a), 1591(e)(2), and 2422(a); *cf. United States v. Morgan*, --F.2d--, No. 12-3231, 2015 WL 2365729, at *4 (2d Cir. May 19, 2015) (Death threat testimony that is "unrelated . . . to the charged crimes" should be excluded, because the "strong emotional or inflammatory impact may pose a risk of unfair prejudice."); *United States v. Quinones*, 511 F.3d 289, 309 (2d Cir. 2007) (Evidence of threats is admissible when threats are "inextricably intertwined with the evidence regarding the charged offense."). Consequently, Mr. Rivera's references to *Burned Alive* and GX 162, a photograph of the cover of the book that Mr. Rivera allegedly showed Ms. Kathryn Rivera, are highly probative and direct evidence of the nature, severity, and plausibility of Mr. Rivera's threats to Mr. Kathryn Rivera.

The court finds that the significant probative value of GX 162 and Mr. Rivera's references to *Burned Alive* is not substantially outweighed by the risk of unfair prejudice to the defendants and is thus admissible under Federal Rule of Evidence 403. The risk of prejudice is minimal, where, as here, the jury will not be read any passages from *Burned Alive*. Indeed, the government has represented that it does not intend to introduce any of the contents of *Burned Alive* into evidence, but solely intends to introduce the photograph of the cover of the book to

6

prove that threats were made and to corroborate that the book exists. (Tr. 3346, 3348.)

The court again denies Mr. Garrett's request to sever his trial based on the admission of GX 162. Neither the contents of the book nor the specified chapter title regarding "Roger Rabbit" will be introduced into evidence. The cover does not mention the defendants or TF Mafia. Nor does the government suggest that either Ms. Kathryn Rivera or Ms. Shelby Rivera will testify that Mr. Garrett was aware of Mr. Rivera's use of the book to make threats. Thus, Mr. Garrett will not suffer prejudice by the admission of a photograph of the book cover and his trial need not be severed.

Additionally, admission of GX 162 also does not run afoul of Federal Rule of Evidence 404(b). Mr. Rivera's statements suggesting that Mr. Rivera would do to Ms. Kathryn Rivera what was done to the woman in *Burned Alive* and GX 162 are not admitted "to prove [Mr. Rivera's] character in order to show that on a particular occasion [Mr. Rivera] acted in accordance with the character" as proscribed in Federal Rule of Evidence 404(b). Rather, Mr. Rivera's statements regarding *Burned Alive* and GX 162 (the photograph of the cover of the book) are direct evidence of the threats that Mr. Rivera used to coerce Ms. Kathryn Rivera and Ms. Shelby Rivera to engage in commercial sex.

To summarize, the court finds that the government may introduce testimony by Ms. Kathryn Rivera and Ms. Shelby Rivera that Mr. Rivera referenced and showed the book *Burned Alive* to generate a climate of fear and threaten the Rivera sisters. Any testimony of Mr. Rivera's alleged statements to Ms. Kathryn Rivera or Ms. Shelby Rivera about the contents of *Burned Alive* is also admissible. However, the government is precluded from introducing the actual contents of *Burned Alive* other than Mr. Rivera's statements about the contents to the victim witnesses. The court also finds that GX 162 is admissible as direct evidence of the alleged threats and that its probative value is not substantially outweighed by unfair prejudice.

**SO ORDERED.**

Dated:	May 22, 2015
	Brooklyn, New York

_____/s/_____

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York