

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:MPR
F. #2013R00169

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 30, 2015

<u>By ECF</u>

The Honorable Kiyo Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   United States v. Paul Rivera & Michael Garrett
              <u>13-CR-149 (KAM) (S-3)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter in opposition to defendant Rivera's motion <u>in limine</u> to preclude the government from cross-examining him with respect to (1) his 1997 convictions for being a felon in possession of a firearm and for conspiracy to persuade a police officer; and (2) his 2002 conviction for extortion. The Court should deny defendant Rivera's motion with respect to his 1997 conviction for conspiracy to persuade a police officer.

      The general legal standard for permissible scope of cross-examination regarding prior bad acts has been set forth at length in the government's prior filings. See Docket Nos. 303, 319, 324, 356. Federal Rule of Evidence 609(a) states that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing of the elements of the crime required proving—or the witness's admitting—a dishonest act of false statement." Rule 609(b) provides, however, that if more than 10 years have passed since the witness's conviction or release from confinement, whichever is later, evidence of a conviction is "admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Because defendant Rivera was released from prison for his 1997

conviction for conspiracy to persuade a police officer more than ten years ago, that conviction is evaluated pursuant to Rule 609(b).

As previously set forth in the government's motion for an anonymous and partially-sequestered jury, see Dkt. No. 149 at 14-15, the facts underlying Rivera's 1997 conviction for conspiracy to persuade a New York City police officer (in the case docketed as 96-CR-1008, before Judge John Gleeson) are as follows:

In the mid-1990s, Rivera and other members of TF were engaged in the sale of firearms and illegally cloned cellular telephones. Rivera and a fellow member of TF, Nicholas Nagler, were arrested in 1996 in connection with these activities; Rivera was charged with conspiracy to commit access device fraud and with being a felon in possession, and both men were released on bail. Rivera then learned that Nagler, his co-defendant, had agreed to be a cooperating witness in the case. To prevent Nagler from testifying against Rivera, Rivera and another TF member, William Krueger, assaulted Nagler. Nagler advised law enforcement of the incident, and Judge Gleeson set a bail revocation hearing date to determine if Rivera should be remanded.

Krueger next suggested to Rivera that he should file a false police report against Nagler, so that Nagler would get arrested and would be unable to testify at the hearing. Rivera agreed to the plan, and told Krueger to bring a woman with him to the police station to file the report, in order to make it more believable. Krueger brought a former girlfriend to a local police station in Brooklyn and convinced her to file a police report claiming that Nagler had robbed her and Krueger at gunpoint. The night before the hearing, Rivera then drove that girlfriend and another individual back to the station, and they informed the police that Nagler would be at the federal courthouse in Brooklyn the following morning; in this way, Rivera hoped that Nagler would be arrested on his way to court and would be unable to testify. Ultimately, the plan to make Nagler unavailable failed, and the bail revocation hearing proceeded. At the hearing, after Nagler testified, Rivera convinced Krueger to repeat his false story and testify that Nagler had robbed him at gunpoint. Judge Gleeson found Krueger not to be credible, and remanded Rivera. Rivera, Krueger, and other individuals involved in the plot to arrest Nagler were all subsequently charged with and convicted of conspiring to persuade a New York City police officer.

Should defendant Rivera take the witness stand at trial, his credibility will be critical. The government expects that his testimony will contradict the testimony of the cooperating witnesses and the testimony of lay witnesses in this case, who testified that they observed defendant Rivera engaged in illegal activities. Both defendants have attacked the credibility of these witnesses extensively during cross-examination. Thus, the jury will be tasked with determining whether they believe the testimony of these witnesses or whether they believe the testimony of Mr. Rivera. Under these circumstances, the Court should permit the government to cross-examine Rivera regarding his 1997 conviction for persuading

a police officer, as that conviction and the underlying facts are highly probative of Mr. Rivera's credibility.[1]  See United States v. Payton, 159 F.3d 49, 57 (2d Cir. 1998) (admitting 13-year-old conviction under Rule 609(a) because witness's "credibility was 'crucial' because she would be testifying in direct contradiction to the government's witnesses on the key element of possession of the .38 caliber revolver [and] the impeachment value of her convictions was substantial"); see also United States v. Biaggi, 705 F. Supp. 848, 851 (S.D.N.Y. 1988) (permitting cross-examination of defendant regarding obstruction of justice).  Moreover, the facts underlying defendant Rivera's 1997 conviction, which involved filing a false police report, are sufficiently distinct from the charges in this case.  Thus, the probative value of this conviction substantially outweighs any prejudicial impact.

For the foregoing reasons, the government respectfully requests that the Court deny defendant Rivera's motion with respect to his 1997 conviction for conspiracy to persuade a police officer.

                                                                          Respectfully submitted,

                                                                          KELLY T. CURRIE
                                                                          ACTING U.S. ATTORNEY

                                                          By:       /s/ Michael P. Robotti
                                                                          Taryn A. Merkl
                                                                          Alixandra E. Smith
                                                                          Michael P. Robotti
                                                                          Assistant U.S. Attorney
                                                                          (718) 254-6064/6370/7576

cc:    Clerk of Court (KAM) (by ECF)
         Defense Counsel (by E-mail)

---

[1] Pursuant to Rule 609(b), the government provided defendant Rivera with advance notice of its intent to cross-examine him regarding his conviction in its February 13, 2015 motion in limine to admit evidence of other acts.  See Dkt. No. 182 at 39 n.8.

3